1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEN BOURKE, and<br>HARLAND LEE KLUTTS,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SAN DIEGO, *ET AL*.,<br><br>　　　　　　　　　　　Defendants. | Case No.  14-cv-1047-BAS (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(ECF No. 4)** |

　　　　On April 25, 2014, Plaintiffs Ken Bourke and Harland Lee Klutts ("Plaintiffs"), proceeding *pro se*, commenced this 42 U.S.C. § 1983 civil rights action against Defendants City of San Diego ("City"), and City employees Michael Richmond, Robert Cervantes, Peter Kann.  Defendants now move to dismiss Plaintiffs' complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  In the alternative, Defendants move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS WITH LEAVE TO AMEND** Defendants' motion to dismiss pursuant to Rule 41(b), and **DENIES AS MOOT** Defendants' motion for a more definite statement (ECF No. 4).

## I.   BACKGROUND

Plaintiff Ken Bourke ("Bourke"), a realtor, is the owner of a historic home located at 1455 F Street, San Diego, California 92101. (ECF No. 1 ("Compl.") at pp. 2, 4; *see also* ECF No. 15 ("Opp.") at Exs. R1 & R2.) He has "used and occupied" the property for thirty-five years. (*Id.* at p. 17.) The property is a duplex. (*Id.* at p. 4.) The main address is 1455 F Street and the other half of the duplex is designated as 1453 F Street. (*Id.*)

Plaintiff Harland Lee Klutts ("Klutts"), a Coast Guard veteran, resides at 1453 F Street, Unit B. (*Id.* at p. 5.) The VA and the San Diego Housing Commission leases the rental unit at 1453 F St, Unit B, and placed Klutts in the property. (*Id.* at pp. 5, 23, 25.) Bourke uses, and has been authorized to use, 1455 F Street for his real estate brokerage business. (*Id.* at p. 22.)

The City owns the vacant property adjacent to the historic property, located at 1451 F Street. (*Id.* at pp. 8-9.) The vacant property burned down in 2001, causing damage to the historic property. (*Id.* at p. 10.)

On September 19, 2013 and March 24, 2014, the City's Code Enforcement/Development Services employees issued Notices to Vacate the historic property. (*Id.* at p. 6.) Defendant Michael Richmond, a Code Inspector, issued the September 19, 2013 Notice to Vacate, accusing "Bourke of intensifying use of his prized Historic property." (*Id.* at p. 23.)

Defendant Peter Kann, a Land Use Investigator, and Defendant Robert Cervantes, a Building Inspector, issued the March 24, 2014 Notice to Vacate. (*Id.* at pp. 17-18, 23.) Defendant Cervantes deemed the exposed wiring in the historic

property to be a "hazard."  (*Id* at pp. 19-20.)  The March 2014 Notice to Vacate called the building "substandard" and a "public nuisance."  (*Id.* at pp. 9, 24.) The Notice further stated:

> Pursuant to Health and Safety Code 17980(b)(1) the Code Enforcement Section is hereby notifying you that all tenants or occupants of the residential rental units addressed at 1453 F St. Unit B must be vacated by  May 27, 2014.  The rental unit at 1453 F St. Unit A and the basement must remain vacant.

(*Id.* at pp. 23.)

## II. STATEMENT OF LAW

### A. Federal Rule of Civil Procedure 41(b)

Rule 41(b) provides, in relevant part: "If the plaintiff fails . . . to comply with these rules . . . , a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  A dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the dismissal order states otherwise.  *Id*. "Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy," therefore "[t]he district judge should first consider less drastic alternatives." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  One less drastic alternative is allowing the plaintiff to file an amended pleading. *Id.*

### B. Federal Rule of Civil Procedure 8

"A complaint that fails to comply with Rule 8 may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)."  *Bravo v. Cnty. of San Diego*, No. C 12-06460, 2014 WL 555195, at *2 (N.D. Cal. Feb. 10, 2014).  Rule 8 requires each plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A claim is the aggregate of operative facts which give rise to a right enforceable in the courts."  *Bautista v. Los Angeles Cnty*, 216 F.3d 837, 840 (9th Cir. 2000) (citation and internal quotations omitted).

Rule 8 requires each allegation to be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Where the allegations in a complaint are "argumentative, prolix,

replete with redundancy, and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry*, 84 F.3d at 1177-79; *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179. "Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8 is proper." *Bravo*, 2014 WL 555195, at *2 (citing *McHenry*, 84 F.3d at 1178).

### C. Federal Rule of Civil Procedure 12(e)

A party may move for a more definite statement of a complaint under Federal Rule of Civil Procedure 12(e) where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for a more definite statement attacks intelligibility, not simply lack of detail." *Gregory Vill. Partners v. Chevron, USA.*, 805 F.Supp.2d 888, 896 (N.D. Cal. 2011). Rule 12(e) motions are "viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion "is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Craigslist, Inc. v. Autoposterpro, Inc.,* No. 08-cv-05069, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31, 2009) (citations omitted).

Reciprocally, where a pleading "is specific enough to apprise the responding party of the substance of the claim or defense being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *Fernandez v. Centric*, No. 12-cv-00401, 2013 WL

310373, at *2 (D. Nev. Jan. 24, 2013) (internal quotation and citation omitted).

## III.   DISCUSSION

Defendants claim Plaintiffs' Complaint is "not short, plain, simple, concise or direct," and that the majority of the Complaint "is so riddled with vague or repetitive allegations . . . [that it] cannot properly defend itself." (ECF No. 4-1 at pp. 2-3.)  Rule 8 is designed to provide defendants with fair notice of the claims and the factual allegations supporting those claims. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  For the reasons set forth below, the Court agrees that the Complaint does not provide Defendants with fair notice of the claims and the underlying factual allegations of each claim so that they can formulate a response.

Plaintiff's 33-page Complaint is riddled with ambiguous allegations that are confusing, redundant, and oftentimes seemingly irrelevant.  Upon reviewing the Complaint, the Court had difficulty understanding some of the important points in Plaintiff's case, which were at times contradictory.  The Court had further difficulty distinguishing between a cause of action and an irrelevant assertion or grievance, and distinguishing between the causes of action themselves.  The Court also had trouble deciphering which plaintiff is bringing which claim, and each defendant's alleged role in each claim.

In addition to Rule 8's "short and plain statement" requirement, Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Moreover, where, as here, there are multiple plaintiffs, to the extent each plaintiff's claim is founded upon a separate transaction or occurrence, "it is properly stated in a separate count." *Bautista*, 216 F.3d 837, 840 (9th Cir. 2000) (citing Fed. R. Civ. P. 10(b)).  Such pleading "facilitates the clear presentation of the matters set forth" and "enable[s] the court and the other parties to understand the claims." *Bautista*, 216 F.3d 837, 840 (9th Cir. 2000) (citations omitted).

Though it very well is possible that the factual elements of the causes of action asserted are present, they are presented in a rather undecipherable manner. Thus, the Complaint as currently constructed fails to satisfy Rule 8's requirement for a short and plain statement of Plaintiffs' case. Consequently, the Court concludes that dismissal of Plaintiffs' Complaint is appropriate based on the failure to satisfy Rule 8. This dismissal is without prejudice.

Since the Court dismisses the Complaint pursuant to Federal Rule of Civil Procedure 8, Defendants' alternative motion for a more definite statement pursuant to Rule 12(e) is denied as moot.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS WITH LEAVE TO AMEND** Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), and **DENIES AS MOOT** Defendants' alternative motion for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e) (ECF No. 4). If Plaintiffs choose to file an amended complaint, they must do so no later than March 16, 2015.

**IT IS SO ORDERED.**

DATED: February 18, 2015

Hon. Cynthia Bashant
United States District Judge