UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN BOURKE, *ET AL.*,<br><br>                              Plaintiff,<br><br>     v.<br><br>CITY OF SAN DIEGO, *ET AL.*,<br><br>                              Defendants. | Case No. 14-cv-01047-BAS(RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 21) |

On April 25, 2014, Plaintiff Ken Bourke ("Plaintiff"), proceeding *pro se*, commenced this action against Defendants City of San Diego ("City"), and City employees Michael Richmond, Robert Cervantes, and Peter Kann (collectively, "Defendants"). (ECF No. 1.) On February 2, 2015, this Court dismissed the complaint with leave to amend. (ECF No. 19.) Plaintiff filed a First Amended Complaint ("FAC") on March 16, 2015.[1] (FAC, ECF No. 20.) Defendants now move to dismiss the FAC pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, or, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] Harland Lee Klutts is not a named plaintiff on the First Amended Complaint.

Procedure. (ECF No. 21.) If the Court does not dismiss the FAC, Defendants ask this Court to abstain pursuant to the *Younger*[2] doctrine. (*Id.*)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 21) **WITHOUT LEAVE TO AMEND**.

I. BACKGROUND

Plaintiff is the owner of a historic home located at 1455 F. Street, San Diego, California 92101. (FAC at p. 14, Exs. 1B & 1C). The original building, erected in 1891, was designed for "multiple-family residential use." (*Id.* at p. 2, Exs. 1A1 & 1A2.) On September 19, 2013, Defendant Michael Richmond, a City Code Enforcement Coordinator, issued a Civil Penalty Notice and Order ("Penalty Notice") informing Plaintiff his property was in violation of the San Diego Municipal Code and ordering him to correct it. (*Id.* at Ex. 2.) The Penalty Notice stated the property was developed as a single family home and Plaintiff was "intensifying the use . . . from a single family residential to a multi-family residential use." (*Id.*) It also stated multiple violations of the California Building Code. (*Id.*) The Penalty Notice explained that failure to comply by Plaintiff would result in the "ongoing assessment of civil penalties" and potential "court action to recover costs" and stated such penalties "may cause . . . a hearing regarding the existing violations" of which Plaintiff would receive written notice regarding time and location. (*Id.*)

On March 24, 2014, Defendant Robert Cervantes, a Combination Building Inspector, and Defendant Peter Kann, a Land Development Investigator, issued a Notice and Order to Vacate & Repair ("Vacate Notice") to Plaintiff regarding

---

[2] Under the *Younger* doctrine, federal courts should abstain from issuing a decision if (1) state court proceedings are pending when the federal action is filed, (2) important state rights are implicated, and (3) there is adequate opportunity to raise the federal claims in state court. *Younger v. Harris,* 401 U.S. 37 (1971).

violations on his property. (*Id.* at Ex. 3, p. 1)  The Vacate Notice stated the property was "substandard and a public nuisance *per se* pursuant to the . . . [California] Health and Safety Code." (*Id.*)  The notice laid out various violations on the property–including "exposed electrical wiring with live parts" and improper use of outdoor storage areas–and ordered Plaintiff to vacate "all tenants or occupants . . . by May 27, 2014" and not rent or lease the property until "made habitable and brought into compliance with all state and local code regulations." (*Id.* at Ex. 3, pp. 1, 5.)

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 41(b)

Rule 41(b) provides, in relevant part: "If the plaintiff fails . . . to comply with these rules . . . , a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  A dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the dismissal order states otherwise. *Id*. "Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy," therefore "[t]he district judge should first consider less drastic alternatives," such as allowing the plaintiff to file an amended pleading. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

### B.     Federal Rule of Civil Procedure 8

"A complaint that fails to comply with Rule 8 may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." *Bravo v. Cnty. of San Diego*, No. C 12-06460, 2014 WL 555195, at *2 (N.D. Cal. Feb. 10, 2014).  Rule 8 requires each plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A claim is the aggregate of operative facts which give rise to a right enforceable in the courts."  *Bautista v. Los Angeles Cnty*, 216 F.3d 837, 840 (9th Cir. 2000) (citation and internal quotations omitted).

Rule 8 requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Where the allegations in a complaint are "argumentative, prolix, replete with redundancy, and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry*, 84 F.3d at 1177-79; *see also Nevijel*

*v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory").

### C. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.

1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)). "However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc.*, 896 F.2d at 1542 n.19. The court may also consider documents specifically identified in the complaint whose authenticity is not questioned by the parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453–54. The court may consider such documents so long as they are referenced in the complaint, even if they are not physically attached to the pleading. *Branch*, 14 F.3d at 453–54; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (extending rule to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Fecht*, 70 F.3d at 1080 n.1. The court also considers materials of which it takes judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

  As a general rule, a court freely grants leave to amend a complaint it dismisses. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court may deny leave to amend, however, when "[it] determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.,* 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

**III. DISCUSSION**

  **A. Federal Rule of Civil Procedure 8**

  Defendants move to dismiss pursuant to Rule 8(a) because "the allegations of the FAC, "while significantly shorter than Plaintiff's original 30 page Complaint, are not plain, simple, concise or direct" and are "confusing and difficult to decipher." (ECF No. 21-1 at pp. 2, 4.) However, all that is required under the liberal pleading standards of Rule 8 are allegations sufficient enough to provide defendants with fair

notice of the claims against them. *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir. 1991). Here, Plaintiff clearly states he is bringing a 42 U.S.C. § 1983 claim for deprivation of property without due process. Furthermore, Defendants in their motion properly identify the factual allegations set forth by Plaintiff to support his claim. (*See* ECF No. 21-1 at pp. 4–7.) As pleadings of *pro se* plaintiffs are to be construed liberally, the Court finds Plaintiff's FAC sufficient under Rule 8(a). *See McKeever,* 932 F.2d at 798.

### B. Section 1983 Due Process Claim

Plaintiff alleges a violation of 42 U.S.C. § 1983 for deprivation of property without due process. Defendants summarily argue this claim is insufficient under Rule 12(b)(6) because the due process claim has no merit and Plaintiff fails to allege a City policy or custom that harmed him, a "necessary element" for the City to be liable under section 1983. (ECF No. 21-1 at pp. 5-6.)

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (citing 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). To establish section 1983 liability, a plaintiff must show (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986); *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

#### 1. Under Color of State Law

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law

and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). It is generally held that a city employee, acting within his duties of employment, is a state actor for section 1983 purposes. *See Anderson v. Warner,* 451 F.3d 1063, 1068–70 (9th Cir. 2006); *Outzs v. Maryland Nat. Ins. Co.,* 505 F.2d 547, 553–54 (9th Cir. 1974); *Screws v. U.S.,* 325 U.S. 91, 107–08 (1945).

The Court finds the individual defendants were acting under color of state law when they served the violation notices on Plaintiff. They were acting solely in their capacity as employees of the Code Enforcement Division. The individual defendants could not have issued the notices absent the power granted to them through their employment with the city. *See McDade v. West,* 223 F.3d 1135, 1140 (9th Cir. 2000). Therefore, Plaintiff has sufficiently alleged Defendants were acting under color of state law when carrying out the conduct alleged in the FAC.

### 2. Due Process[3]

"The due process clause of the Fourteenth Amendment protects individuals against governmental deprivations of life, liberty or property without due process of law." *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994) (citing Const. amend. XIV, § 1). A government action need not result in a "complete, physical, or permanent deprivation of real property" to invoke due process. *Connecticut v. Doehr,* 501 U.S. 1, 12 (1991). Even temporary or partial impairment to property rights, such as attachments or liens, merit due process protection. *Id.*

"A procedural due process claim has two distinct elements: (1) a deprivation

---

[3] Although Plaintiff does not specify whether he seeks to bring a procedural or substantive due process claim, in light of Plaintiff's *pro se* status, the Court will analyze the sufficiency of the allegations of both legal theories. *See Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001) (Under the liberal pleading standard applied in evaluating pro se complaints, "[s]pecific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.").

of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). The protections provided through procedural due process include "notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and . . . an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

The due process clause also includes a substantive component, "which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir. 1989), overruled on other grounds by *Armendariz v. Penman,* 75 F.3d 1311, 1324-26 (9th Cir. 1996). To establish a substantive due process violation, Plaintiff must prove that Defendants' conduct was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Id.* at 1407 (quoting *Euclid v. Ambler Realty Co*., 272 U.S. 365, 395 (1926)).

        a. *Procedural Due Process*

Plaintiff alleges that Defendants deprived him of his property without due process of law by ordering him to undergo demolition of his property in violation of "historical property preservation resolution R-10092034" and other unspecified "state law[s] and constitutional law[s] that protect historic property." (FAC at p. 6.) However, the notices—which Plaintiff attaches to his FAC—state otherwise. While the Vacate Notice does discuss demolition, it never orders Plaintiff to take such action. It only lays out the necessary steps Plaintiff must take "*should he choose to demolish the building*," instead of obtaining the necessary permits to repair his property to a "safe and habitable" condition. (*Id.* at Ex. 3, p. 7 (emphasis added).)

The Penalty Notice does not discuss demolition, although it does warn of some potential action by the City that would impair Plaintiff's property rights and would, therefore, be subject to procedural due process requirements. The notice states that

failure to pay the civil penalties assessed "shall constitute a personal obligation and/or lien upon the real property" for the unpaid amount. (*Id.* at Ex. 2, p. 7.) However, the Penalty Notice provides the proper procedural protections. The notice gives Plaintiff adequate notice of the possible encumbrance on his property in the form of a lien resulting from failure to comply with the orders of the notice.

Furthermore, the Penalty Notice states that if civil penalties are assessed, Plaintiff will receive notice of a "Civil Penalties Hearing" where he "may present testimony or evidence concerning the existence of violations and the means and time frames for correcting the violations." (FAC at Ex. 2, p. 6.) Such a hearing sufficiently complies with due process. *See Boddie v. Connecticut,* 401 U.S. 371, 378 (1971) (holding that constitutional due process simply requires an "opportunity, granted at a meaningful time and in a meaningful manner," for a hearing "appropriate to the nature of the case," the formality of which can vary depending on the importance of the interest involved. (internal quotation marks and citations omitted)); *see also Brewster,* 149 F.3d at 985 (explaining since a pre-deprivation hearing only serves as an initial check against mistaken decisions it "need not be elaborate[;] . . . [a] plaintiff need only be accorded oral or written notice . . . an explanation of the . . . evidence, and an opportunity to present his side of the story." (internal quotation marks and citation omitted)).

Given the foregoing, the Court finds Plaintiff has failed to plausibly allege a claim of procedural due process since he was neither deprived of his property through an order of demolition, nor denied proper due process procedures before any potential impairment of his property rights.

      b. *Substantive Due Process*

Plaintiff further alleges he was deprived of his property without due process when Defendants issued the notices of violation without first going before the historic review board. (FAC at p. 7.) He contends that since his property is historic, the City must obtain permission from the historic review board before subjecting the property

to any zoning or code requirements. (*Id.*) The Court does not find that this allegation meets the "exceedingly high burden" needed to bring a successful substantive due process claim. *Shanks v. Dressel,* 540 F.3d 1082, 1088 (9th Cir. 2008) (noting only "egregious official conduct" amounting to an "abuse of power lacking any reasonable justification in the service of a legitimate governmental objective" will be considered "arbitrary in the constitutional sense."); *United States v. Salerno*, 481 U.S. 739, 746 (1987) (stating substantive due process is meant to prevent conduct that "shocks the conscience."); *see also North Pacifica LLC v. City of Pacifica,* 526 F.3d 478, 484-85 (9th Cir. 2008) (maintaining a substantive due process claim challenging a land use action requires a showing that the action "lacked a rational relationship to a government interest").

Here, Defendants' alleged actions were in furtherance of public health and safety, and rationally related to a legitimate government interest. *See Euclid,* 272 U.S. at 395; *see also Armendariz*, 75 F.3d at 1328, overruled on other grounds *by Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856–57 (9th Cir. 2007) ("The City has an obvious interest in preventing safety and sanitation hazards by enforcing the housing code."). Enforcing violations of the City's municipal code[4] on a home that might be exempt from certain zoning requirements through its designation as historic does not make Defendants' actions any less legitimate. *See* Cal. Health & Safety Code § 18957 ("Nothing in this [State Historical Building Code] shall be construed to prevent authorized building or fire officials from the performance of their duties when in the process of protecting the public health, safety, and welfare.").

Even if, as Plaintiff alleges, the City is required to confer with the historic

---

[4] While Plaintiff contends Defendants made up the code enforcement orders, both the Penalty Notice and the Vacate Notice reference violations of actual, currently enacted, and enforceable state and local code regulations. (FAC at Exhs. 2 & 3.)

review board when dealing with historic property, Plaintiff's claim that Defendants acted without permission from the historic review board, in an otherwise valid exercise of their power as city employees, does not rise to the level of seriousness that a violation of substantive due process requires. *See Shanks*, 540 F.3d at 1089 ("Official decisions that rest on an erroneous legal interpretation are not necessarily constitutionally arbitrary."). In addition, Plaintiff's allegation that Defendants "acted with malice and discrimination" in sending the Penalty Notice and the Vacate Notice is insufficient to raise the alleged conduct to the level of egregious official conduct amounting to an abuse of power lacking any reasonable justification and having no substantial relation to the public health, safety, or general welfare. *See Shanks*, 540 F.3d at 1088-89; *Sinaloa Lake Owners Ass'n*, 882 F.2d at 1407.

Accordingly, the Court finds Plaintiff has failed to plausibly allege a substantive due process violation under 42 U.S.C. § 1983.

### 3. Municipal Liability

A municipality is a "person" within the meaning of section 1983 and can be held liable for its actions accordingly. *Monell v. N.Y.C. Dep't. of Soc. Servs.*, 436 U.S. 658, 689-90 (1978). However, a municipality cannot be held vicariously liable for unconstitutional acts of its employees under the theory of *respondeat superior*. *Bd. of Cnty. Com'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on a municipality under section 1983, a plaintiff must "identify a municipal policy or custom that caused [his] injury." *Id.* (internal quotation marks omitted). "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." *McDade*, 223 F.3d at 1141.

Here, Plaintiff has not alleged any custom or policy by the City that deprived him of his property. He simply alleges illegal conduct by city code enforcement officers in "making up their own code enforcement orders." (FAC at p. 6.) However, as previously noted, both the Penalty Notice and the Vacate Notice reference

violations of actual, currently enacted, and enforceable state and local code regulations. (*See* FAC at Exhs. 2 & 3.) To the extent Plaintiff is alleging Defendants acted without City authority, such action does not constitute a municipal custom or policy for which the City can be held liable. *See Brown*, 520 U.S. at 403; *City of Okla. City. v. Tuttle,* 471 U.S. 808, 831 (1985) (Brennan, J., concurring) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in *Monell*.").

Accordingly, the Court finds Plaintiff has failed to sufficiently allege that the City is liable under section 1983.

### C. Supplemental Jurisdiction

Plaintiff also alleges several state claims including multiple violations of state and municipal laws, harassment, and fraudulent statements about his historic property. (FAC at pp. 6-7.) The supplemental jurisdiction statute allows the Court to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all the claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because Plaintiff has failed to state a federal claim, the Court declines to exercise supplemental jurisdiction over his state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). Plaintiff's state law claims are therefore dismissed without prejudice and left for resolution by the state court. *See id.* at 726-27.

## IV. CONCLUSION & ORDER

Although the Court finds Plaintiff's FAC is sufficient under Rule 8, it must fail under Rule 12(b)(6) for failure to state a federal claim for which relief can be granted. As Plaintiff has already had one opportunity to amend his complaint, and the notices

1  attached to the FAC preclude his due process claims, Defendants' motion to dismiss
2  (ECF No. 21) is **GRANTED WITHOUT LEAVE TO AMEND**.
3       **IT IS SO ORDERED.**

5  DATED: October 7, 2015

Hon. Cynthia Bashant
United States District Judge